UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Melendez

    v.

University of New Hampshire, et al.

Case No. 23-cv-172-SM-TSM
Opinion No. 2025 DNH 007

O R D E R

Michael Melendez filed an interlocutory appeal of this court's order denying his motion to supplement his complaint. Melendez v. UNH, 24—1923 (1st Cir. filed Oct. 9, 2024). Defendants move, pursuant to Federal Rule of Appellate Procedure 10(b)(3)(C), to have Melendez order and pay for a transcript of the status conference held by Magistrate Judge Talesha Saint-Marc on April 25, 2024, which defendants represent includes a discussion of Melendez's prior filings that is relevant to the appeal. Doc. no. 75. Melendez objects to the motion, arguing that the hearing transcript is not relevant and that defendants made procedural errors in requesting the transcript.

After defendants moved to have Melendez order and pay for a transcript, the First Circuit Court of Appeals issued the following order:

> Upon review, it appears that this court may lack jurisdiction to consider this appeal because final judgment has not entered and the challenged order may not be appealable on an interlocutory basis. See 28 U.S.C. §§ 1291, 1292.

> The appellant is ordered to move for voluntary
> dismissal of the appeal pursuant to Fed. R. App. P.
> 42(b), or to show cause, in writing, why this appeal
> should not be dismissed for lack of jurisdiction. The
> failure to take action by **January 13, 2025,** will lead
> to dismissal of the appeal for lack of diligent
> prosecution. 1st Cir. R. 3.0(b).

Melendez, 24-1923 (Dec. 30, 2024). The First Circuit's docket shows that Melendez has not filed any response to date. It also shows that the mail containing the order was returned to the court as undeliverable. Melendez has not complied with the court's order, and it appears likely that the appeal will be dismissed. As a result, at this time it appears there is not likely to be any need on appeal for the transcript of the status conference.

Separately but relatedly, Melendez moves pursuant to Federal Rule of Civil Procedure 54(b) to have the court enter final judgment on the claims he sought to add to his complaint in the motion to supplement (doc. no. 42), which was denied, and is the subject of Melendez's interlocutory appeal. Doc. no. 95. Rule 54(b) permits the court to enter final judgment on some, but not all, of the claims in a case, when there is no just reason for delay. Here, however, the "claims" that Melendez references were raised in his motion to supplement, but that motion was denied. As a result, the supplemental "claims" never became claims in this case, and of course, those matters have

2

not been adjudicated.  Rule 54(b) does not apply in these circumstances.

Melendez also moves to withdraw his prior motion (doc. no. 76) for reconsideration of the court's order denying his motion to stay this case pending appeal.  Doc. no. 94.  The withdrawal is allowed.

## Conclusion

For the foregoing reasons, defendants' motion to order a transcript (doc. no. 75) is denied without prejudice to refile, if necessary.  Plaintiff's motion for judgment (document no. 95) is denied.  Plaintiff's motion to withdraw his motion for reconsideration (doc. no. 94) is granted, and the motion for reconsideration (doc. no. 76) is withdrawn.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 30, 2025

cc:  Michael Melendez, pro se
     Counsel of record

3